JUDGE McMAHON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MAGNUM PHOTOS, INC.,

                         Plaintiff,

         -against-

CHINESE MEDIA NET, INC.,

                      Defendant.
-------------------------------------------------------------X

Civ. Action No.:

**COMPLAINT**

14 CV 82

RECEIVED
JAN - 7 2014
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff Magnum Photos, Inc. ("Plaintiff"), by and through its counsel BRESSLER LAW PLLC, alleges for its Complaint against Defendant Chinese Media Net, Inc. ("Defendant") the following:

## NATURE OF THE ACTION

1.     This is an action to remedy copyright infringement (17 U.S.C. Sections 101 *et seq.*; 17 U.S.C. Section 501).

## THE PARTIES

2.     Plaintiff is a corporation organized under the laws of the State of New York with its place of business at 12 W. 31st Street, New York, NY 10001. Plaintiff is a photographic cooperative of great diversity and distinction owned by its photographer members. With powerful individual vision, Magnum photographers chronicle the world and interpret its peoples, events, issues and personalities.

3.      Defendant is a corporation organized under the laws of the State of New York.

4.      On information and belief, Defendant maintains a place of business at 6 E. 46th Street, Suite 302, New York, NY  10017.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action alleges infringement of a registered U.S. copyright pursuant to the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*; 17 U.S.C. § 501

6.      This Court has personal jurisdiction over Defendant because Defendant does business and/or transacts business in the State of New York.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(c)(2) because Defendant resides and is subject to personal jurisdiction in this district.

## FACTS

8.      Mr. Chien-Chi Chang is a renowned photographer and photojournalist, whose work examines social and cultural phenomena, among other subjects.  In 1999, Mr. Chang won the prestigious W. Eugene Smith Grant in Humanistic Photography for his revealing study of illegal immigrants in New York and China titled *Dividing Lives*.  The grant, presented by the W. Eugene Smith Memorial Fund, recognizes photographers who have demonstrated a commitment to documenting the human condition.  Mr. Chang's photographs have been exhibited at La Biennale di Venezia (2001), the Bienal de Sao Paolo (2002), and the International Center of Photography Triennial (2003), among other venues.  His books include *I do I do I do* (2001) and *The Chain* (2002).  Mr. Chang is a member of Plaintiff.

9.      In 2005, Mr. Chang created a series of photographs as part of a project titled *Double*

2

*Happiness* to document the cultural phenomenon of marriage brokering between Taiwanese

gentlemen and potential Vietnamese brides.  Marriage brokers recruit Vietnamese women to

come to Ho Chi Minh City, where they are considered by groups of Taiwanese men.  Each of the

men pays a fee to choose a suitable bride from the candidates attending.  After the man has

selected his candidate bride, couples must present proof of identity so that the bride can later

apply for a visa to Taiwan.  Wedding banquets generally are held at a facility proximate to Ho

Chi Minh City, at which the nuptials are formalized with photo sessions and imitation

champagne.  For those who decide to wed, the process of selection, agreement and celebration

concludes within days.  The project's *Double Happiness* title refers to the Chinese symbol of the

same name (*Shuang xi*), which is comprised of the repetition of a single Chinese character *Xi*

(happiness or joy) and is used to congratulate a couple on their wedding day, denoting the

auspicious union of two families.

       10.    Mr. Chang is the exclusive owner of all copyright rights in and to the Images.

       11.    Mr. Chang registered copyright rights in and to the Images with the U.S. Copyright

Office.  The Images have been registered for all times relevant to this action.  A true and

complete copy of the U.S. copyright registration for the Images (U.S. Reg. No. 1-320-590, issued

July 12, 2005), is attached hereto as Exhibit 1.

       12.    For all times relevant to this action, Mr. Chang has appointed Plaintiff as the

exclusive licensing agent and administrator for all copyright rights in and to the Images.

       13.    Mr. Chang first published the Images as part of his *Double Happiness* book, which

Aperture Foundation, Inc. published in the U.S. in 2005.  Many of Mr. Chang's Images

contained in the book bear captions written or selected by Mr. Chang, which provide context and

insight into the respective scenes depicted by the Images.

14.    Defendant publishes and operates the commercial Internet website

www.dwnews.com (the "Website"), which is published primarily in the Chinese language.

15.    On or about August 7, 2013, Defendant reproduced, publicly displayed, distributed,

transmitted and used twenty nine Images via the Website without consent, license or other right

to do so.  Copies of screenshots of the Images as published on the Website are attached hereto as

Exhibit 2 (collectively, the "Exhibit 2 Screenshots").  (Plaintiff added the diagonal text

watermark to each of the screenshots.)

16.    Defendant did not merely use the Images without authorization.  On certain Images

used without consent, Defendant superimposed coarse, judgmental and derogatory captions  that

demean the marriage brokering process documented, and the individuals appearing, in Mr.

Chang's Images.  For example, Defendant characterized the Images as depicting the "buying and

selling" of wives and brides waiting to be "bought."

17.    Mr. Chang intended to document the marriage brokering phenomenon and its

participants as an objective observer.  Mr. Chang did not seek to mock or insult the institution or

its participants, and he did not intend his work to be used in any manner that would do so.

Defendant's uses of Mr. Chang's Images with such disrespectful captions untruthfully and

unfairly ascribe such offensive attitudes to Mr. Chang personally.

18.  On December 2, 2013, counsel for Plaintiff wrote Defendant to demand that

Defendant cease immediately all uses of the Images and to demand that Defendant pay Plaintiff

for such unauthorized uses in order to resolve this matter amicably (the "Initial Settlement

Demand Amount").  A true and complete copy of the foregoing letter is attached to this

Complaint as <u>Exhibit 3</u>.

19.    On December 9, 2013, Defendant contacted counsel for Plaintiff, acknowledged receipt of the <u>Exhibit 3</u> letter, and requested copies of the Exhibit 2 Screenshots for reference.

20.    On December 10, 2013, counsel for Plaintiff delivered copies of the Exhibit 2 Screenshots to Defendant.

21.    On December 13, 2013, Defendant acknowledged receipt of the Exhibit 2 Screenshots.

22.    Counsel for Plaintiff has since written Defendant twice to inquire into the status of Defendant's payment of the Initial Settlement Demand Amount, which Plaintiff has not received. As of the date of this Complaint, Defendant has not responded to such inquiries.


**FIRST CLAIM FOR RELIEF**
**<u>Direct Copyright Infringement</u>**

23.    Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 22 as if fully set forth herein.

24.    On information and belief, Defendant knew that it did not possess any rights in the Images and that its uses of the Images were unauthorized.

25.    On information and belief, Defendant's unauthorized uses of the Images were deliberate and willful.  Defendant knew that Mr. Chang created the Images.  Defendant's Website credited authorship of the Images to Mr. Chang.

26.    Defendant's unauthorized reproduction, public display, distribution, transmission and uses of the Images violated Plaintiff's exclusive copyright rights in and to the Images and

constitutes copyright infringement.

27.    In light of Defendant's knowing and willful infringement of copyright rights in and to the Images, Plaintiff is entitled, at its subsequent election, to seek either actual damages, or statutory damages up to $150,000 per work infringed, pursuant to 17 U.S.C. § 504.

28.    Plaintiff also is entitled to seek recovery of its reasonable attorneys' fees and costs incurred in connection with pursuing this action, pursuant to 17 U.S.C. § 505.


**WHEREFORE**, Plaintiff respectfully requests that the Court enter an Order as follows:

(a)    enjoining Defendant from reproducing, publicly displaying, distributing, transmitting or otherwise using the Images;

(b)    awarding Plaintiff monetary damages in an amount equal to its actual damages, or statutory damages up to $150,000 per infringed work, as Plaintiff subsequently elects;

(c)    awarding Plaintiff its reasonable attorneys' fees and costs incurred in connection with pursuing this action; and

(d)    awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York

January 7, 2014

Respectfully submitted,

**BRESSLER LAW PLLC**

By: _____

Joshua R. Bressler (JB8780)
3 West 35th Floor, 9th Floor
New York, New York  10001
tel:  (917) 969-4343
fax: (917) 591-7111

*Counsel for Plaintiff*
*Magnum Photos, Inc.*